IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEPHANIE RILEY as Personal Representative of BROOKE RILEY,<br><br>Plaintiff,<br><br>v.<br><br>PRUDENTIAL INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 8:22-CV-2051<br><br>Removed from District Court of Maryland for Prince George's County,<br>Case No. 050200053932021 |

## NOTICE OF REMOVAL

Defendant, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (incorrectly named "Prudential Insurance Company" in the Complaint) ("Prudential" or "Defendant"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, files this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the District Court of Maryland for Prince George's County, Case No. 050200053932021. In support of its Notice of Removal, Prudential states as follows:

### Background And Timeliness

1.  On April 7, 2022, Plaintiff Stephanie Riley as Personal Representative of Brooke Riley ("Plaintiff") commenced an action against Prudential by filing a Complaint/Application and Affidavit in Support of Judgment in the District Court of Maryland for Prince George's County, titled *Stephanie Riley as Personal Representative of Brooke Riley v. Prudential Insurance Company*, Case No. 050200053932021 (the "Complaint") There are no other defendants named in the Complaint.

2.  Plaintiff served the Complaint on the Insurance Commissioner, Maryland Insurance Administration (the "Commissioner") on July 26, 2022. The Commissioner

forwarded the Complaint to Prudential by certified mail sent July 29, 2022 and received by Prudential on August 1, 2022.

3. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons, Complaint, and Exhibits, which constitutes "all summons, pleadings, and orders" served upon Defendant in the Maryland Court action, is attached hereto as Exhibit A.

4. This Notice of Removal has been filed within thirty (30) days after receipt of service of process and thus is timely pursuant to 28 U.S.C. § 1446(b) and Rule 6 of the Federal Rules of Civil Procedure.

5. In the Complaint, Plaintiff avers, Brooke Riley (the "Deceased") "had accidental basic life coverage which was insured with the Defendant [at the time of her death in a motorcycle accident]." (Ex. A, Compl. Particulars.) Plaintiff further claims "[t]he Plaintiff has made claim for accidental death, but the Defendant has failed to pay full benefits to estate . . . ." (*Id*.) Plaintiff claims Prudential owes $14,000 in additional benefits under the applicable plan. (Ex. A, Compl.)

6. Plaintiff's Complaint is an action in contract, premised on the purported existence of an insurance contract that Plaintiff alleges Prudential issued and which she alleges covered the Deceased at the time of her death. (Ex. A, Compl.)

### Plaintiff's Claim Arises Under ERISA And Is Removable Based on Federal Question Jurisdiction

7. The contract Plaintiff references in the Complaint is a group certificate of insurance that provides accidental death and dismemberment ("AD&D") coverage under the Meritus Medical Center, Inc. Life Insurance Plan (the "AD&D plan"), an employee welfare benefit plan governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The certificate of insurance is attached as Exhibit B. (*See* Ex. B, at 76.) The

certificate was issued pursuant to a group insurance contract, Group Contract G-53107-MD (the "Group Contract") between the Deceased's employer, Meritus Medical Center, Inc. ("Meritus") and Prudential. The Group Contract is attached as Exhibit C. (Ex. C, at 2.)

8. The AD&D plan is sponsored by the Deceased's employer, Meritus, and the benefits Plaintiff seeks under the AD&D plan are fully insured by Prudential pursuant to the Group Contract with Meritus. (Ex. B, at 6, 9-16, 78.) The certificate provides that Meritus sponsors a group insurance plan for its participants and explains to participants that, as a participant in the AD&D plan, they are entitled to certain rights and protections under ERISA, as amended. (Ex. B, at 76-82.)

9. Because the benefits Plaintiff seeks are provided under an ERISA plan, Plaintiff's lawsuit arises under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), a federal statute. Therefore, this Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441(a). *See* 28 U.S.C. § 1446(a) (notice of removal must contain "a short and plain statement of the grounds for removal"); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (recognizing that § 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure and that "Congress, by borrowing the familiar 'short and plain statement' standard from Rule 8(a), intended to simplify the pleading requirements for removal and to clarify that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading") (internal quotations and citations omitted).

10. ERISA provides an exclusive federal cause of action for participants or beneficiaries in an ERISA plan who bring actions related to the recovery of benefits under employee benefit plans, including the claims alleged in the Complaint. *Metropolitan Life Ins.*

*Co. v. Taylor*, 481 U.S. 58, 62-63 (1987); *see also Rush Prudential HMO Inc. v. Moran*, 536 U.S. 355 (2002).

11. As ERISA provides the exclusive remedy for a claim for benefits, ERISA "completely preempts" any state law claim or remedy based on any wrongful withholding of benefits promised under an employee benefit plan. *See, e.g.*, *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209, 221 (2004) (ERISA "completely preempts" any claim or remedy based on wrongful withholding of benefits, including claims with requirements beyond those for recovery under ERISA § 502(a), 29 U.S.C. § 1132(a).).

12. Plaintiff's Complaint seeks benefits pursuant to a group policy issued to the Deceased by her employer, Meritus. The Complaint asserts what could be a state law cause of action for breach of contract (Ex. A, Compl.). As this claim seeks relief related to benefits under an ERISA governed employee welfare benefit plan, Plaintiff's claim arises under ERISA, 29 U.S.C. § 1132(a)(1)(B). Therefore, Plaintiff's Complaint alleges a claim under the laws of the United States within the meaning of 28 U.S.C. § 1331. *Marks v. Watters*, 322 F.3d 316, 323 (4th Cir. 2003) (explaining that state law claims for ERISA-plan benefits "fall within the scope of [ERISA] § 502(a) [and are] 'completely preempted' and therefore treated as a federal cause of action").

13. For this reason, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

14. A claim filed in state court is removable to federal court under 29 U.S.C. § 1441(a) as an action arising under federal law, even where the complaint, like here, does not on its face allege that it arises under ERISA. *See, e.g.*, *Metropolitan Life Ins. Co.*, 481 U.S. at 66 ("Congress has clearly manifested an intent to make causes of action within the scope of the

civil enforcement provisions of § 502(a) [29 U.S.C. § 1132(a)] removable to federal court."); *id.* at 65 ("All such actions in Federal or State courts are to be regarded as arising under the laws of the United States.").

15. Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

16. The Court thus has original jurisdiction over these claims pursuant to 28 U.S.C. § 1331, and removal is proper under 28 U.S.C. § 1441.

### Venue And Notice

17. Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Venue is proper in this District because, pursuant to 28 U.S.C. § 100(b)(1), this District and Division embrace the District Court of Maryland for Prince George's County, the place where the removed action had been pending. 28 U.S.C. § 1441(a).

18. Promptly upon the filing of this Notice of Removal, Prudential shall file a Notice of Filing of Notice of Removal, with a copy of the Notice of Removal, with the Clerk of the Court for Prince George's County at Upper Marlboro, Maryland, and will serve a copy thereof on Plaintiff, pursuant to 28 U.S.C. 1446(d). A copy of this notice is attached hereto at Exhibit D.

### Conclusion

19. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331; therefore, this Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. § 1441(a).

85870638v.4

20. Should Plaintiff seek to remand this case to state court, Prudential respectfully asks that it be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Prudential asks that the Court retain jurisdiction and allow it to file a motion asking this Court to certify any remand order for interlocutory review by the Fourth Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Prudential submits that this action properly is removable based on federal question jurisdiction and respectfully requests that the above-described action pending against it be removed to the United States District Court for the District of Maryland, Southern Division. Prudential also requests all other relief, at law or in equity, to which it justly is entitled.

DATED: August 15, 2022                             Respectfully submitted,

                                                   SEYFARTH SHAW LLP


                                                   By: */s/ Eric J. Janson*
                                                       Eric J. Janson
                                                       ejanson@seyfarth.com

SEYFARTH SHAW LLP
975 F Street, N.W.
Washington, DC 20004-1454
Telephone: (202) 463-2400
Facsimile: (202) 828-5393

Attorneys for Defendant
THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA

85870638v.4

- 7 -

## **CERTIFICATE OF SERVICE**

I hereby certify that I caused a true and correct copy of the foregoing Notice of Removal to be served on the following counsel of record via Federal Express, overnight mail, postage pre-paid, on this 15th day of August 2022:

>Richard L. Jaklitsch
>The Jaklitsch Law Group
>14350 Old Marlboro Pike
>Upper Marlboro, Maryland 20772

>*/s/ Eric J. Janson*
>One of the Attorneys for Defendant
>THE PRUDENTIAL INSURANCE COMPANY
>OF AMERICA